### ROBINSON v. EWERT (two cases).[*]

(Circuit Court of Appeals, Eighth Circuit. July 9, 1923.)

Nos. 5804, 5805.

1. Indians ⬤16(5)—Lease made while earlier lease in force held void.

A lease covering allotment of Quapaw Indian was void as overlapping lease, where earlier valid lease was then in existence.

2. Mines and minerals ⬤81—Validity of lease put in issue by cross-action, though not set up in first action.

Though plaintiff in suing to cancel oil and mineral lease to defendant claimed solely under a lease made to himself in 1912, where defendant brought action against plaintiff attacking validity of lease made to plaintiff in 1914, the validity of that lease was thereby put in issue.

⬤For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[*]Rehearing denied September 19, 1923.

**3. Mines and minerals ⬡⬅73½—Provision of lease held not to render it one in futuro.**

Provision of lease that none of the covenants and agreements therein to prospect and mine or pay royalties or penalties should be binding until expiration of all prior leases and until lessors should place lessee in undisputed possession applied only to lessee's covenants and did not extend life of lease beyond time therein specified or make it one in futuro.

**4. Estoppel ⬡⬅3(2)—Plaintiff suing to cancel lease to defendant and establish his own lease held not estopped to claim under lease not originally set up.**

To constitute an equitable estoppel, party claiming the estoppel must have relied on action of the party sought to be estopped and must have been induced thereby to change his position and have been injured by the change, and, where none of these elements existed, plaintiff suing to cancel oil and mineral lease to defendant and establish validity of his own lease was not estopped because in original complaint he claimed solely under invalid lease made in 1912 without mentioning subsequent valid lease made in 1914.

**5. Mines and minerals ⬡⬅74—Sublease held not conclusive that sublessor was not relying on later lease to himself.**

Lessee in making sublease has right to make it for any term he desires not exceeding his own term, and hence fact that sublease was limited to term of earlier lease to sublessor was not conclusive that he was not then relying on later lease to himself.

**6. Mines and minerals ⬡⬅81—Plaintiff suing to establish validity of lease could rely on two leases, though believing one invalid.**

Even though plaintiff suing to cancel oil and mineral lease to defendant and to establish validity of leases made to himself in 1912 and 1914 believed the 1912 lease valid and that of 1914 invalid as overlapping, he might claim under both leases, leaving it to the court to determine which was valid.

Appeals from the District Court of the United States for the Eastern District of Oklahoma; Frank A. Youmans, Judge.

Suit by James F. Robinson, executor of J. E. Pottorff, deceased, against Paul A. Ewert, to cancel oil and mineral lease; and suit by Paul A. Ewert against James F. Robinson, executor of J. E. Pottorff, deceased, to cancel a similar lease and establish the validity of plaintiff's lease. Decree for Ewert in each suit, and Robinson appeals. Affirmed.

Leslie J. Lyons, of Kansas City, Mo., and Ray McNaughton, of Miami, Okl. (Arthur S. Thompson, of Miami, Okl., on the brief), for appellant.

George J. Grayston, of Joplin, Mo. (Paul A. Ewert and Charles M. Grayston, both of Joplin, Mo., on the brief), for appellee.

Before STONE and KENYON, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge. These cases, although separately instituted, were, by consent of parties, tried as one, as they involved the same issues, based on the same leases, and might properly have been consolidated and brought to this court by one appeal.

The facts briefly stated are: Abram Dardenne, Jr., a Quapaw Indian, was the owner of the land in controversy, allotted to him as a

⬡⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

member of the Quapaw Tribe of Indians. On August 2, 1912, he executed a mining lease to A. L. Harvey for a term of 10 years. It contained the following provision:

"If oil or any mineral or other substances of value are found in paying quantity in any well drilled, or shaft sunk, the privilege of operating shall continue as long as oil, minerals or other substances of value can be produced in paying quantities, on such terms and conditions as parties hereto have herein agreed upon after the expiration of this lease."

At that time it had been uniformly held by the District Court for the Eastern District of Oklahoma that the above-quoted provision in the lease made it a "perpetual lease" and invalidated it. This construction was generally recognized in Oklahoma as the law, until this court in McCullough v. Smith, 243 Fed. 823, 156 C. C. A. 335, opinion filed June 20, 1917, held that the lease was divisible, and was valid for the 10-year term.

[1] The appellee in view of these rulings of the District Court considered the lease to Harvey void and on December 9, 1912, obtained from Dardenne a lease for mineral purposes on the same lands. In view of the conclusions reached that the Harvey lease, then in existence, was, as was held by this Court in McCullough v. Smith, supra, a valid lease for 10 years, the lease to appellee was void as an overlapping lease. United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844.

The effect of the action instituted by appellee on June 21, 1917 (No. 5804), when the ruling in McCullough v. Smith, in which the opinion was filed June 20, 1917, was not known to him, relying solely on the 1912 lease, will be referred to later.

On August 18, 1913, Harvey canceled and surrendered his lease, and on December 14, 1914, appellee obtained another lease on the same lands for mineral purposes from Dardenne, and by an amended complaint filed on March 20, 1919, he relied on both leases, that of 1912 and 1914.

Both leases contained a provision:

"It is specially agreed, however, that none of the herein mentioned covenants and agreements to prospect and mine and pay royalties or penalties, shall be binding upon the said parties until the expiration of all prior lawful leases that may be found to exist upon said land, and until the first parties shall place second party (appellee) into undisputed possession of said premises."

In the 1912 lease this provision follows in a separate paragraph following the covenants assumed by the lessee, while in the 1914 lease it is in the same paragraph with the lessee's covenants to begin operations on the premises within 12 months and in case of failure to do so to pay a rental in lieu of said work and mining operations.

On September 11, 1915, while appellee was in possession of the premises by a sublease, which counsel for appellant admitted, Dardenne executed a mining lease to appellant's testator Pottorff, for the same lands. On June 16, 1917, Pottorff instituted an action in the state court against appellee to cancel the lease of Dardenne to appellee, executed December 14, 1914, without mentioning the 1912 lease. On petition of appellee this cause was removed to the United States

court and is No. 5805 in this court. Appellee in his answer to the complaint, among other defenses, denying many of the allegations in the complaint, claimed under both of the leases, that of 1912 and 1914. Upon the final hearing decrees were entered in favor of appellee in both actions, and these appeals are prosecuted by appellant.

It may be conceded that the 1914 lease was secured by appellee for the purpose of extending the life of the lease of 1912, in view of the fact that before the decision of the Supreme Court in United States v. Noble, 237 U. S. 74, 35 Sup. Ct. 532, 59 L. Ed. 844, opinion filed on April 5, 1915, reversing the District Court of Oklahoma and this court, it was generally believed that overlapping leases were valid. The opinions of those courts, that of the District Court sub nomine United States v. Abrams, is published in 181 Fed. 847, filed September 19, 1910, and affirmed by this court in 197 Fed. 292, 116 C. C. A. 654, opinion filed May 23, 1912.

[2, 3] It is claimed on behalf of appellant that when appellee in the original complaint, No. 5804, claimed solely under the 1912 lease, it was an election which prevents him from claiming under the lease of 1914. But if this contention were tenable, appellant in his action, No. 5805, only attacked the validity of the 1914 lease and thereby put the validity of that lease in issue. The claim that the 1914 lease is one in futuro is equally without merit. The provision in the lease that "none of the covenants and agreements to prospect and mine and pay royalties or penalties," etc., clearly applies only to appellee's covenants and not those of the lessor, and does not extend the life of the lease beyond the 10-year period, beginning on the date of the execution of the lease. Ewert v. Robinson, 289 Fed. 740, decided by this court April 5, 1923.

[4] That there can be no estoppel is beyond question, for to constitute an equitable estoppel there must be three indispensable elements: (1) The party claiming the estoppel relied upon the action of the party sought to be estopped and was thereby induced to change his position or course, and (2) he has been injured on account of that change, if the party sought to be estopped is permitted to pursue the course or have the relief he seeks. (3) The party asserting it must be induced to change his position by the act or conduct of the other party. Hemmer v. United States, 204 Fed. 898, 902, 123 C. C. A. 194, affirmed 241 U. S. 379, 36 Sup. Ct. 659, 60 L. Ed. 1055; Rader v. Star Mill & Elevator Co., 258 Fed. 599, 602, 169 C. C. A. 541 (decided by this court); Empire Voting Machine Co. v. City of Chicago, 267 Fed. 162, 170 (7th C. C. A.); 21 C. J. 1113. There is no evidence whatever that appellant is within any of these elements.

[5, 6] Another contention on behalf of appellant is that the sublease made by appellee to S. C. and J. M. Clover on August 7, 1915, is limited to December 8, 1922, the time of the expiration of the 1912 lease and is therefore conclusive that appellee as late as 1915 relied solely on the 1912 lease and not that of 1914.

A sufficient answer to this claim is that a lessor has an undoubted right to determine for what period he desires to sublease the premises, not exceeding his own term. He might have subleased it for only one year, if such a term was acceptable to the sublessees.

But if it be conceded that appellee was under the erroneous impression that his 1912 lease was valid and for that reason the 1914 lease invalid as an overlapping lease, that is no reason why he may not claim under both leases, leaving it to the court to determine which of the leases is valid. How was appellant injured thereby, especially in view of the fact that in his action he 'attacked the 1914 lease only?

The decrees of the District Court were right and are affirmed.